UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BALZARINI,

    Plaintiff,

v.

GAVIN NEWSOM, et al.,

    Defendants.

Case No. 20-cv-07833-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff is barred from bringing this 42 U.S.C. § 1983 action *in forma pauperis* because he has filed at least three federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred under 28 U.S.C. § 1915(g), but his response is insufficient. Accordingly, this federal civil rights action is DISMISSED without prejudice to plaintiff bringing his claims in a new paid complaint.

## BACKGROUND

Plaintiff, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. (Dkt. No. 1, 4, and 9.) The IFP motion was granted. (Dkt. No. 8.) After the motion was granted, the Court became aware that plaintiff may not be

able to proceed as a pauper.

Plaintiff was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Order to Show Cause (OSC), Dkt. No. 15 at 1-2.) Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

The order identified six prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). (OSC, Dkt. No. 15 at 2-3.) The order also informed plaintiff he could avoid dismissal by paying the filing fee by the deadline. (*Id.* at 3.)

The strikes identified were:

**(1)** *Balzarini v. Bank of America*, No. 2:95-cv-02279-UA (C.D. Cal. April 7, 1995);

**(2)** *Balzarini v. Hirsch*, No. 1:00-cv-06736-OWW-LJO (E.D. Cal. Mar. 28, 2001) (suit dismissed for failure to state a claim);

**(3)** *Balzarini v. Schwarzenegger*, No. 3:07-cv-02800-MHP (N.D. Cal. Nov. 19, 2010) (suit dismissed for failure to state a claim);

**(4)** *Balzarini v. Goodright*, No. 3:09-cv-01796-MHP (N.D. Cal. Oct. 7, 2009) (suit dismissed for failure to state a claim);

**(5)** *Balzarini v. Cambria*, No. 05-15643 (9th Cir. Aug. 17, 2005) (appellate court affirmed the district court's revocation of IFP status because the appeal was not

taken in good faith; appeal dismissed for failure to pay filing fee);[1]

**(6)** *Balzarini v. Ulit*, No. 15-16530 (9th Cir. Feb. 25, 2016) (appeal found to be frivolous and dismissed for failure to pay filing fee).

The Ninth Circuit has determined that the first three suits are strikes. *Balzarini v. Ulit*, No. 15-16530 (9th Cir. Feb. 25, 2016), Dkt. No. 11. The appellate court informed plaintiff of the strikes and ordered him to pay the full filing fee. *Id.* When he did not do so, the appeal was dismissed. Dkt. No. 12. Plaintiff's motion for reconsideration was rejected. Dkt. No. 16.

## DISCUSSION

Plaintiff has filed a response to the Order to Show Cause. (Dkt. No. 16.) He contends the suits he filed outside the district in which the present suit is being heard cannot be counted under § 1915(g). (*Id.* at 2.) His contention is unsupported, and there is no such restriction in the statute. Under § 1915(g), any federal suit or appeal that was dismissed as frivolous, malicious, or because it failed to state a claim upon which relief may be granted can count as a strike.

Plaintiff also contends in a conclusory fashion that none of the suits qualifies under § 1915(g), and, more specifically, that suits dismissed for lack of jurisdiction or for failure to prosecute cannot counts as strikes, and he cites *Daker v. Commissioner, Georgia Department of Corrections*, 820 F.3d 1278 (11th Cir. 2016) in support. (Response to OSC, Dkt. No. 16 at 2-3.) This is unavailing. First, *Daker* is an Eleventh Circuit case and therefore is not binding on this Court. Second, even if *Daker* were binding here, plaintiff does not state to which (if any) of his prior suits *Daker* applies, and the Court can find none. The suits were dismissed because they were frivolous, malicious, or because they

---

[1] When the Ninth Circuit relies on the district court's certification that appeals are not taken in good faith, the dismissed appeals "clearly count as strikes" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977)).

1 failed to state a claim for relief.  Furthermore, the Ninth Circuit has declared that the first
2 three suits listed above are strikes.

3      Plaintiff has not shown he was under imminent danger of serious physical injury at
4 the time his complaint was filed.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir.
5 2007) (the plain language of the imminent danger clause in § 1915(g) indicates that
6 "imminent danger" is to be assessed at the time of filing of the complaint.)  He lists general
7 complaints about the conditions affecting all prisoners (e.g., poor ventilation, bad food,
8 inadequate clothing and medical care, restrictions on family and conjugal visits and
9 marriages) but he does not specify how or show that any of these conditions, with one
10 exception, affects him personally and directly.  (Response to OSC, Dkt. No. 16 at 3-10.)
11 He alleges that bad ventilation and extremes of heat and cold "affect him more than others,
12 and may cause esophageal varices or throwing up blood," yet these allegations do not
13 establish he was under threat of serious physical injury at the time of filing.  (*Id.* at 8.)  In
14 fact, the only such incident he discusses in detail happened in 2018.  (*Id.*)  He alleges this
15 temperature sensitivity arises from his having Hepatitis-C, which he states doctors at his
16 prison are refusing to treat with appropriate medications.  (*Id.* at 7.)  He does not say with
17 any specificity how this lack of medication placed him under imminent danger of serious
18 physical injury at the time of filing.

19      Plaintiff therefore has not shown any reason that the restrictions of § 1915(g) should
20 not be imposed.  He has failed to (i) pay the filing fee; (ii) show that any of the strikes do
21 not qualify under § 1915(g); (iii) show that he qualifies for the imminent danger exception;
22 or (iv) otherwise show cause why this action should not be dismissed.  This action will be
23 dismissed without prejudice to plaintiff raising his claims in a new paid complaint.

## CONCLUSION

25 This federal civil rights action is DISMISSED without prejudice to plaintiff raising
26 his claims in a new paid complaint.  Plaintiff's IFP status is REVOKED.  His motion for
27 the appointment of counsel; his motion in opposition to the Order to Show Cause; and his

motion for release are DENIED.  (Dkt. Nos. 7, 11, and 16.)  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  July 12 , 2021

_____
RICHARD SEEBORG
Chief United States District Judge